FILED: NEW YORK COUNTY CLERK 10/26/2021 10:39 AM                INDEX NO. 159697/2021
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 10/26/2021

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| TERRY RIVERS, | Index No.: 159697/2021 |
| Plaintiffs, | |
| -against- | **SUMMONS** |
| H.O. WOLDING, INC., | |
| Defendant. | |

To the above-named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in their action and to serve a copy of your answer, or, if the complaint is not served with their summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of the summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is New York County under NY CLS CPLR § 302(a), due to Defendant's continuous business within the state, the basis of venue is New York County under NY CLS CPLR § 302(a).

Dated: New York, New York
October 26, 2021

Yours, etc.,

**NAPOLI SHKOLNIK, PLLC**

By: Joseph P. Napoli, Esq.
Attorneys for Plaintiffs
360 Lexington Avenue – 11th Floor
New York, New York 10017-6502
(212) 397-1000

FILED: NEW YORK COUNTY CLERK 10/26/2021 10:39 AM   INDEX NO. 159697/2021
NYSCEF DOC. NO. 1                                   RECEIVED NYSCEF: 10/26/2021

To:   *Via Secretary of State*

**MARC WOLDING THE CORPORATION**
P.O. Box 56
Nelsonville, NY 54458
ATTN: Marc Wolding

*Via Service of Process*

**EDWARD R. RIELY AND CO. INC.**
18 John Street
New York, New York 10038



FILED: NEW YORK COUNTY CLERK 10/26/2021 10:39 AM            INDEX NO. 159697/2021
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 10/26/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| TERRY RIVERS,<br><br>                      Plaintiff,<br><br>     -against-<br><br>H.O. WOLDING, INC.,<br><br>                      Defendant. | Index No.: 159697/2021<br><br>**VERIFIED COMPLAINT** |

**PLAINTIFF**, TERRY RIVERS, complaining of defendants, upon information and belief, shows:

1. That on February 9, 2021, Plaintiff, Terry Rivers was and is a resident of the State of New York County of Clinton.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TERRY RIVERS

2. That at all times hereinafter mentioned, the Defendant, H.O. WOLDING, INC., was and still is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of Wisconsin, with its principal place of business designated in the State of Wisconsin.

3. That on or about February 9, 2021, defendant H.O. WOLDING, was the operator of a semi-trailer truck bearing a Wisconsin license plate number 693490 (hereinafter referred to as "THE VEHICLE").

4. That on or about February 9, 2021, defendant H.O. WOLDING, was the owner of THE VEHICLE.



FILED: NEW YORK COUNTY CLERK 10/26/2021 10:39 AM                    INDEX NO. 159697/2021
NYSCEF DOC. NO. 1                                                   RECEIVED NYSCEF: 10/26/2021

5. That on or about February 9, 2021, defendant H.O. WOLDING, maintained THE VEHICLE.

6. That on or about February 9, 2021, defendant H.O. WOLDING, managed THE VEHICLE.

7. That on or about February 9, 2021, defendant H.O. WOLDING, controlled THE VEHICLE.

8. That on or about February 9, 2021, defendant, H.O. WOLDING, inspected THE VEHICLE.

9. That on or about February 9, 2021, defendant, H.O. WOLDING, leased THE VEHICLE.

10. That on or about February 9, 2021, defendant, H.O. WOLDING, was the lessee of THE VEHICLE.

11. That on or about February 9, 2021, defendant, H.O. WOLDING, was the lessor of THE VEHICLE.

12. That on February 9, 2021, and at all times herein mentioned, Defendant, H.O. WOLDING, operated the aforesaid semi-trailer truck bearing Wisconsin license plate number 693490.

13. That on February 9, 2021, and at all times herein mentioned, Military Turnpike, State Route 190 in the State of New York, County of Altona, was and still is a public roadway.



FILED: NEW YORK COUNTY CLERK 10/26/2021 10:39 AM
NYSCEF DOC. NO. 1
INDEX NO. 159697/2021
RECEIVED NYSCEF: 10/26/2021

14. That on, and prior to February 9, 2021, and at all the times herein mentioned, plaintiff TERRY RIVERS was the registered owner of a 2011 Toyota pickup truck bearing a New York State license plate number FEN1446.

15. That on or about February 9, 2021, and at all times relevant to this Complaint, Defendant's Trailer came into violent contact with Plaintiff's 2011 Toyota pickup truck bearing New York State license plate number FEN1446 at Military Turnpike, State Route 190 in the State of New York, County of Altona.

16. That on or about February 9, 2021, Defendant, H.O. WOLDING, failed and neglected to keep the aforementioned semi-trailer truck bearing Wisconsin license plate number 693490 under any or proper control.

17. That the aforesaid collision and injuries resulting therefrom, were solely and wholly as a result of the careless and negligent manner in which defendants owned, operated, maintained and controlled his motor vehicle without the Plaintiff, in any way contributing.

18. That defendant, was negligent by reason of the recklessness and carelessness in the operation, maintenance, management and control of the aforementioned semi-trailer truck bearing a Wisconsin license plate number 693490; in failing to properly maintain, repair and care of his motor vehicle; in operating same without due regard to the rights and safety of the plaintiff; in operating said motor vehicle in a manner which unreasonably endangered the Plaintiff; in failing to have said motor vehicle under reasonable and proper control; in failing to keep a proper lookout upon the roadway; in failing to give due and proper warning of the movements of said motor vehicle; in failing to slow or stop said motor vehicle in order to avoid the accident; in failing to heed traffic controls; in failing to stay in the proper lane of traffic; in


NAPOLI
SHKOLNIK PLLC
ATTORNEYS AT LAW

FILED: NEW YORK COUNTY CLERK 10/26/2021 10:39 AM                                INDEX NO. 159697/2021
NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 10/26/2021

failing to signal or give signals; in failing to afford the plaintiff a reasonable opportunity to reach a place of safety; in so operating the motor vehicle as to cause the same to come in contact with such objects and/or persons as were involved in said accident; in so operating the motor vehicle as to cause the same to be in such a position on the highway as to endanger the safety to others; in so operating said motor vehicle at such speed at said location as to cause the same to be of danger to others, in failing to operate and/or entrust the use of said motor vehicle to a suitable, competent, qualified, responsible, experienced, trained, diligent and adequate person; in failing to ensure that said motor vehicle was operated by and/or entrusted for the use and operation as a vehicle, to a person who was fit, responsible, reliable, trustworthy, experienced, properly trained, instructed and of suitable judgment; in failing to ensure that said motor vehicle was not operated and/or entrusted for use and operation as a vehicle, to a person without suitable judgment, experience, skill and diligence, who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated to safely operate and control such vehicle; in failing to ensure that said motor vehicle was not operated by a person who was incapable of safely operating same, and in violating those statutes, ordinances and regulations (of which the Court will take Judicial notice) in such cases made and provided.

19.   That by reason of the foregoing, culpable conduct and the negligence of defendant, the Plaintiff sustained serious, severe, and permanent injuries.

20.   That as a result of the aforesaid contact, Plaintiff was severely injured.

21.   That as a result of the aforesaid contact, Plaintiff was seriously injured.



FILED: NEW YORK COUNTY CLERK 10/26/2021 10:39 AM
NYSCEF DOC. NO. 1
INDEX NO. 159697/2021
RECEIVED NYSCEF: 10/26/2021

22. That as a result of the aforesaid contact, Plaintiff was gravely injured.

23. That by reason of the wrongful, negligent, and unlawful actions of the Defendants, as aforesaid, the Plaintiff sustained serious injuries as defined in §5102(d) of the Insurance Law of the State of New York and has sustained economic loss greater than basic economic loss as defined in said Insurance Law.

24. As a result of the foregoing, Plaintiff was adversely affected in his health, well-being, and future treatments, was caused to sustain severe and permanent personal injuries of the Plaintiff was caused to expend and become obligated to expend sums of money for the medical services related expenses and has been damaged in a sum which exceeds the jurisdictional limits of all lower courts.

25. That as a result of all of the foregoing, Plaintiff was caused to and did suffer and sustain economic and pecuniary losses.

26. That as a result of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all the lower courts which would otherwise have jurisdiction.

27. That Plaintiff has sustained a serious injury as defined in §5102(d) of the Insurance Law or economic loss greater than basic economic loss as defined in §5102(a) of the Insurance Law.

28. That this action falls within one or more of the exceptions set forth in CPLR §1602.

29. That solely by reason of the foregoing, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.



FILED: NEW YORK COUNTY CLERK 10/26/2021 10:39 AM
NYSCEF DOC. NO. 1

INDEX NO. 159697/2021
RECEIVED NYSCEF: 10/26/2021

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TERRY RIVERS

30. Plaintiffs repeat, reiterate, and re-allege each and every allegation as set forth in paragraphs designated as numbers "1" through "29" with the same force and effect as though fully set forth herein.

31. That pursuant to CPLR § 1602(2)(iv), Defendant is liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic losses, irrespective of the provisions of CPLR § 1601, by reason of the fact Defendant owed the Plaintiff a non-delegable duty of care.

32. That pursuant to CPLR §1602(5), Defendant, is liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic losses, irrespective of the provisions of CPLR §1601, by reason of the fact that Defendants' wrongful conduct was intentional.

33. That pursuant to CPLR § 1602(7), Defendant is liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic losses, irrespective of the provisions of CPLR §1601 by reason of the fact that Defendant acted with reckless disregard for the safety of others.

34. That pursuant to CPLR §1602(11), Defendants is liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic losses, irrespective of the provisions of CPLR §1601 by reason of the fact that Defendant acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiff's injuries.

35. That by reason of the negligence of the Defendant as aforementioned,


NAPOLI SHKOLNIK PLLC
ATTORNEYS AT LAW

FILED: NEW YORK COUNTY CLERK 10/26/2021 10:39 AM
NYSCEF DOC. NO. 1

INDEX NO. 159697/2021
RECEIVED NYSCEF: 10/26/2021

Plaintiff sustained serious bodily injuries, causing him great pain and discomfort in the past, present, and upon information and belief, in the future; he became and continues to be sick, sore, lame, and disabled; upon information and belief, some of his injuries will be permanent; he was and upon information and belief, will continue to be, compelled to seek medical attention for these injuries; and has been and upon information and belief, will continue to be, unable to attend his usual economic, educational, and social activities.

36. By reason of the wrongful, negligent, and unlawful actions of the Defendants, as aforesaid, the Plaintiff sustained serious injuries as defined in §5102(d) of the Insurance Law of the State of New York and has sustained economic loss greater than basic economic loss as defined in said Insurance Law.

37. By reason of the foregoing and the negligence of said Defendant, the Plaintiff is informed and verily believes their aforesaid injuries are permanent and that he will permanently suffer from the effects of his aforesaid injuries and that he will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

38. By reason of the foregoing, the Plaintiff was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, the Plaintiff will necessarily incur additional similar expenses.

39. By reason of the foregoing, the Plaintiff has been unable to attend his usual occupation and vocation in the manner required.

40. That solely by reason of the foregoing, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.



**WHEREFORE**, the Plaintiff demands judgment against the Defendant, together with the costs and disbursements of this action, and such other and further and different relief as the Court deems just and proper.

Dated: New York, New York
October 26, 2021

                                           Yours, etc.,

                                           **NAPOLI SHKOLNIK, PLLC**

                                           By: Joseph P. Napoli, Esq.
                                           Attorneys for Plaintiffs
                                           360 Lexington Avenue – 11th Floor
                                           New York, New York 10017-6502
                                           (212) 397-1000

To:    *Via Secretary of State*

        **MARC WOLDING THE CORPORATION**
        P.O. Box 56
        Nelsonville, NY 54458

        *Via Service of Process*

        **EDWARD R. RIELY AND CO. INC.**
        18 John Street
        New York, New York 10038

